IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROLLS-ROYCE CORPORATION, § | |
| § | |
| Plaintiff- § | |
| counterdefendant, § | |
| § Civil Action No. 3:07-CV-0739-D | |
| VS. § | |
| § | |
| HEROS, INC., et al., § | |
| § | |
| Defendants- § | |
| counterplaintiffs. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Rolls-Royce Corporation ("Rolls-Royce") moves under N.D. Tex. Civ. R. 56.2(b) for leave to file two summary judgment motions. Defendants Hye-Tech Manufacturing ("Hye-Tech"), H.E.R.O.S., Inc. ("Heros"), and Heros Kajberouni ("Kajberouni") move to dismiss Rolls-Royce's amended complaint, or, in the alternative, to dismiss Rolls-Royce's Lanham Act claim against Kajberouni, contending that the amended complaint includes amendments for which Rolls-Royce never obtained leave to amend. The court denies Rolls-Royce's motion for leave to file two summary judgment motions, and it grants defendants' motion to dismiss Rolls-Royce's Lanham Act claim against Kajberouni.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Rolls-Royce seeks leave to file two summary judgment motions. Rule 56.2(b) provides that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." In its motion for leave, Rolls-Royce argues that, given the number and complexity of the claims and counterclaims as to which it seeks summary judgment, "it cannot adequately address the claims in its Complaint and . . . Defendants' Counterclaim[s] in a single 50-page brief." P. Br. 2. In other words, Rolls-Royce seeks leave to file two motions so that it can exceed the page limitations of Rule 56.5(b).[2]

Given the primary reason for seeking leave to file two motions, the court concludes that Rolls-Royce should move under Rules 56.5(b) and 7.2(c) to file a brief that exceeds 50 countable pages. Rule 56.5(b) provides, in relevant part, that "[t]he requirements of LR 7.2 apply to briefs filed pursuant to LR 56.5(a)[.]" Under Rule 7.2(c), a judge can enlarge the page limitations "for extraordinary and compelling reasons." If Rolls-Royce can meet this standard—and this court does in fact allow more extensive briefs when the Rule 7.2(c) standard is met—it should move for this relief rather than for leave to file two

---

[2]One of the reasons the court adopted Rule 56.2(b) was the practice of some attorneys of filing multiple summary judgment motions to circumvent the page limitations of Rule 7.2(c), which applied to all briefs, including summary judgment briefs, before Rule 56.5(b) was adopted.

motions. This approach is also preferable because the filing of one motion that addresses all claims and counterclaims promotes clarity of briefing (there are fewer briefs) and reduces burdens on the parties and the court by eliminating multiple appendixes that may overlap and that may not be as easily cited in the briefing. If Rolls-Royce files such a motion, it should demonstrate why 100 countable pages are needed. Even the eyes of conscientious judges grow weary at some point, and it would appear that counsel could say in 75 well-written pages what might otherwise be said in 100 pages.

II

Defendants move to dismiss under Rules 12(b)(2) and 12(b)(6).

In *Rolls-Royce Corp. v. Heros, Inc.*, ___ F.R.D. ___, 2008 WL 783549 (N.D. Tex. Mar. 25, 2008) (Fitzwater, C.J.) ("*Rolls-Royce I*"), the court dismissed Rolls-Royce's Lanham Act claim against Kajberouni for lack of personal jurisdiction. *Id.* at *20. The court also granted Rolls-Royce leave to amend to replead its alter ego claims and to add two additional defendants. *Id.* at *21 and *25-*26. Based on the leave granted in *Rolls-Royce I*, Rolls-Royce filed an amended complaint that includes further factual allegations concerning Kajberouni's personal involvement, for the purpose of establishing specific personal jurisdiction over him with respect to the Lanham Act claim. Defendants move to dismiss the amended complaint, or, in the alternative, to dismiss the

Lanham Act claim asserted against Kajberouni, contending that Rolls-Royce did not obtain leave to amend its complaint in this respect.

In *Rolls-Royce I* the court resolved a number of the parties' motions.[3] It granted in part defendants' motion to dismiss for lack of personal jurisdiction. *Id.* at *20. The court specifically held, with respect to Rolls-Royce's Lanham Act claim, that Rolls-Royce "failed to establish a prima facie showing of specific personal jurisdiction over Kajberouni through his minimum contacts with the state of Texas." *Id.* at *19. The court also concluded that Rolls-Royce did not present a prima facie case of alter ego. Therefore, Rolls-Royce could not attribute Hye-Tech's and Heros' contacts with the state of Texas to Kajberouni for purposes of establishing personal jurisdiction over him as to the Lanham Act claim. *Id.* After analyzing *both* possible grounds for establishing specific personal jurisdiction, the court dismissed Kajberouni with respect to Rolls-Royce's Lanham Act claim.[4] *Id.* at *20.

Later in the opinion, after granting defendants' motion to

---

[3]These motions included defendants' motion to dismiss for lack of personal jurisdiction, defendants' motion to dismiss for failure to adequately plead alter ego claims, Rolls-Royce's motion to strike, and Rolls-Royce's motion for leave to amend its complaint to join two additional defendants. *Rolls-Royce I*, ___ F.R.D. ___, 2008 WL 783549, at *1.

[4]Rolls-Royce never argued that it could establish general personal jurisdiction over Kajberouni with respect to its Lanham Act claim. *Id.* at *17 n.11.

- 4 -

dismiss Rolls-Royce's alter ego claims, the court granted Rolls-Royce leave to replead those claims. *Id.* at \*21. The court also granted Rolls-Royce's motion for leave to amend its complaint to join two additional defendants. *Id.* at \*25. The court did not, however, grant Rolls-Royce leave to replead the jurisdictional facts with respect to Kajberouni so as to cure its failure to establish personal jurisdiction over him as to the Lanham Act claim. *Rolls-Royce I* cannot reasonably be construed as granting Rolls-Royce leave to amend its complaint with respect to the jurisdictional facts supporting personal jurisdiction over Kajberouni. Because Rolls-Royce did not have the right to amend its complaint in this manner "as a matter of course," Rule 15(a)(2) required that Rolls-Royce obtain "the court's leave" before amending in a manner that exceeded that leave granted in *Rolls-Royce I*.

The court recognizes that it has treated the filing of a complaint with unauthorized amendments as an implied motion for leave to amend. *See Jacuzzi, Inc. v. Franklin Elec. Co.,* 2008 WL 2185209, at \*4 (N.D. Tex. May 27, 2008) (Fitzwater, C.J.). But the decision to do so is discretionary. *Id.* Moreover, the defendant in *Jacuzzi* did not object to the unauthorized filing, and the implied motion to amend did not require the court to modify the scheduling order in the case, because the implied motion for leave to amend was timely under the order. Conversely, in this case,

defendants oppose the unauthorized amendments, an implied motion for leave to amend would, if considered, require the court to decide as a threshold matter whether to amend the scheduling order, and neither party has addressed the Rule 16(b)(4) factors for permitting such amendments. Therefore, the court in its discretion will not construe the unauthorized amendments in the amended complaint to be an implied motion for leave to amend.

Because the only parts of the amended complaint that contain unauthorized amendments relate to establishing specific personal jurisdiction over Kajberouni as to Rolls-Royce's Lanham Act claim, the court will not dismiss the entire complaint. Instead, it will disregard the unauthorized portions of the amended complaint. When those parts are set aside, it is clear that Rolls-Royce has again failed to established personal jurisdiction over Kajberouni with respect to its Lanham Act claim. The court therefore adheres to its decision in *Rolls-Royce I* and dismisses Rolls-Royce's Lanham Act claim against Kajberouni for lack of personal jurisdiction.

* * *

The court grants defendants' May 7, 2008 motion to dismiss for lack of personal jurisdiction and denies Rolls-Royce's May 19, 2008 motion for leave to file two summary judgment motions.

**SO ORDERED.**

July 17, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE