UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROLLS-ROYCE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 3:07-CV-0739-D |
| | § | |
| vs. | § | |
| | § | |
| HEROS, INC., HYE-TECH | § | |
| MANUFACTURING, LLC AND | § | |
| HEROS KAJBEROUNI, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO VACATE AND
## GRANTING MOTION TO DISMISS ALL CLAIMS

Rolls-Royce Corporation moved the Court to vacate the "Memorandum Opinion and Order dated July 29, 2010" [Document 260] as a condition precedent to its Confidential Settlement Agreement ("CSA") with the Defendants, Heros, Inc., Hye-Tech Manufacturing, LLC and Heros Kajberouni, (collectively "HEROS"). HEROS do not oppose Rolls-Royce's Motion, and the Court finds the same should be granted.

Pursuant to Rule 41(a)(2), *Federal Rules of Civil Procedure,* Rolls-Royce, by counsel, and HEROS, by counsel, moved jointly to dismiss all remaining claims, defenses and counterclaims asserted by or against them or that could have been asserted by or against them with prejudice, costs paid. Dismissal of this litigation with prejudice is likewise a condition precedent to the CSA. Rolls-Royce and

1

HEROS stipulate that, to enable the Court to effectuate its decrees, the parties' obligations arising from their CSA shall be incorporated into the order of dismissal, and the Court shall retain ancillary and/or plenary jurisdiction to enforce the parties' obligations arising from the CSA and the Protective Order [Doc. 25] notwithstanding dismissal of this litigation with prejudice. The Court finds the parties' joint motion should be granted.

IT IS, THEREFORE, ORDERED that:

(1)     The Court's Memorandum Opinion and Order dated July 29, 2010 [Document 260] is hereby vacated in its entirety.

(2)     All claims, defenses and counterclaims asserted by or against them, or that could have been asserted by or against them, are hereby dismissed with prejudice, and that each party shall bear its own attorneys' fees, costs and expenses.

(3)     The parties shall be obligated to comply with the Stipulated Protective Order's [Doc. 25] requirements regarding the return of all discovery designated as either "Confidential" or "Attorneys' Eyes Only" (collectively "Designated Discovery") within one hundred and twenty (120) days of the Order of dismissal. As an exception to this requirement, documents contained in the Joint Appendix of the parties in the appeal now pending in the Eighth Circuit Court of Appeals, captioned *AvidAir Helicopter Supply, Inc., Appellant, v. Rolls-Royce Corporation, Appellee*, Case No. 10-3444 (the "AvidAir Litigation"), and any pleadings and filings made in the Western District of Missouri in the AvidAir Litigation, may be retained by Counsel for HEROS/AvidAir subject to the terms of the Stipulated Protective Order

2

and this Order. In light of the parties' agreement that discovery produced in this litigation between HEROS and Rolls-Royce may be used in the AvidAir Litigation, counsel for HEROS/AvidAir shall deliver to Barry Pickens at Spencer Fane in Kansas City, Missouri the remaining Designated Discovery Counsel for HEROS/AvidAir believes is needed in the AvidAir Litigation currently pending before the Eighth Circuit. Mr. Pickens shall retain the Designated Discovery pending resolution of the AvidAir Litigation in a secure, dry location which shall remain sealed; and not opened or accessed. If the Eighth Circuit affirms the District Court's judgment, Counsel for HEROS/AvidAir will notify Mr. Pickens in writing of the same, and Counsel for HEROS/AvidAir shall arrange for the Designated Discovery to be destroyed within fourteen (14) days in accordance with the terms of the Stipulated Protective Order. HEROS will pay the cost of destruction. At its own cost, counsel for Rolls-Royce shall have the right to observe the confidential destruction without viewing the content of the material being destroyed. If the Eighth Circuit remands the AvidAir Litigation for further proceedings in the Western District of Missouri, the Designated Discovery will be returned to counsel for HEROS/AvidAir, who shall maintain the same under the Stipulated Protective Order during the pendency of the AvidAir Litigation. Upon final resolution of the AvidAir Litigation, with appellate rights exhausted, the Designated Discovery shall be confidentially destroyed in the manner provided in this Order.

(4)     To enable the Court to effectuate its decrees, the parties' obligations arising from the CSA are hereby incorporated into this Order, and the Court shall

retain ancillary and/or plenary jurisdiction to enforce the parties' obligations arising from the CSA. However, the terms of the CSA shall remain confidential in all respects.

DATED: March 30, 2011.

Honorable Sidney A. Fitzwater
Chief Judge, United States District Court
Northern District of Texas

**DISTRIBUTION TO:**

Counsel of Record
Clerk of the Court